UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

CHRIS HARRIS,

    Petitioner,

    v.

BABCOCK, Warden,

    Respondent.

No. C 13-0115 PJH (PR)

**ORDER OF TRANSFER**

Petitioner, a federal prisoner incarcerated at F.C.I. Herlong has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges that he was illegally detained and investigated for posing a threat to the security of the facility. The acts complained of occurred at F.C.I. Herlong, which lies within the Eastern District of California, and defendant Babcock is the warden residing in that district.[1]

The Supreme Court has established that traditional venue doctrines are fully applicable to habeas petitions brought pursuant to 28 U.S.C. § 2241. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493–94 (1973). Traditional venue considerations include, but are not limited to, where 1) "the material events took place," 2) where the "records and witnesses pertinent to petitioner's claim are likely to be found," and 3) whether the forum is convenient for the parties. *Id*.

Although this court may have jurisdiction to hear a petition, *see Braden*, 410 U.S. at 494-95, *Braden* also makes clear that "venue considerations may, and frequently will, argue in favor of adjudication of the habeas claim in the jurisdiction where the habeas petitioner is confined." *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 813 (D.C. Cir. 1988).

---

[1] Petitioner does not say where he was convicted.

Federal courts generally take the position that the district of confinement "is normally the forum most convenient to the parties," *McCoy v. United States Bd. of Parole*, 537 F.2d 962, 966 (8th Cir. 1976), and therefore exercise discretion in transferring petitions to the district of confinement "in the interests of justice" pursuant 28 U.S.C. § 1404(a).  *See id*.; *see also Dunne v. Henman*, 875 F.2d 244, 249-50 (9th Cir. 1989) (suggesting that even where district court has personal jurisdiction over custodian, preferred forum is district where petitioner is confined).  This practice is supported by the fact that a prisoner's records follow him to the place of incarceration and in that it promotes uniformity in the filing of § 2241 petitions.  As all the events occurred in the Eastern District of California, the case will be transferred.

This case is **TRANSFERRED** to the United States District Court for the Eastern District of California.  *See* 28 U.S.C. § 1406(a).  In view of the transfer, the court will not rule upon plaintiff's request for leave to proceed in forma pauperis.

**IT IS SO ORDERED.**

Dated: February 11, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.13\Harris0115.trn.wpd