IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER L. HARRIS,

    Petitioner,                    No.  2:13-cv-00269 JFM (HC)

    vs.

BABCOCK,                        <u>ORDER AND</u>

    Respondent.            <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a federal prisoner proceeding pro se with an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, together with a request to proceed in forma pauperis.  In his amended application for a writ of habeas corpus, petitioner appears to assert that his judgment of conviction is invalid and should be set aside because the indictment charging him did not contain sufficient allegations of "the exact geographical location where the criminal activity . . . took place" and therefore was insufficient to properly invoke the court's jurisdiction.  (ECF 9 at 3.)  Petitioner has also filed the following documents with this court: a document styled as a "Motion to Relieve Petitioner Within 3 Days From the Final Order of Detention Pursuant to Rule 60(b)(3)(5)" (ECF 10), a request for mandatory judicial notice pursuant to Federal Rule of Evidence 201(d)(e) (ECF 11), and two identical notices of appeal from an order

/////

1

denying both his amended habeas petition and motion for relief pursuant to Federal Rule of Civil Procedure 60(b)(3)(5) (ECF 12 and 13).[1]

Examination of the affidavit submitted in support of the request to proceed in forma pauperis reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

After reviewing the amended petition for writ of habeas corpus, the court concludes that a petition filed pursuant to 28 U.S.C. § 2241 is not the appropriate vehicle for petitioner's challenge to the jurisdiction of the district court in which he was convicted. "[I]n order to determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2225 before proceeding to any other issue." Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). See also Muth v. Fondren, 676 F.3d 815, 818 (9th Cir.), cert. denied, __U.S.__, 133 S. Ct. 292 (2012). Generally, a federal prisoner contesting the legality of his conviction or sentence must proceed by way of a motion brought pursuant to 28 U.S.C. § 2255 in the sentencing court. See Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012); United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011); Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.) ("In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention."); cert. denied, 540 U.S. 1051(2003); Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir. 2000) (same).

In this case, although petitioner purports to be proceeding under § 2241 it is apparent that he is challenging the legality of his conviction and sentence in the United States District Court for the Southern District of Indiana. In fact, a review of petitioner's underlying criminal case shows that the challenge he seeks to present to this court has already been litigated and addressed by both the Southern District of Indiana and the Seventh Circuit. See United

---

[1] The court also notes that an order denying petitioner's amended habeas petition and motion for relief pursuant to Federal Rule of Civil Procedure 60(b)(3)(5) has not been issued in this case.

1  States of America v. Christopher L. Harris, 1:98-cr-00121-SEB-DKL (S.D. Ind.), Doc. No. 143
2  at 3-4 (Seventh Circuit ruling dated March 18, 2013, finding petitioner's challenge to the district
3  court's jurisdiction over him "is waived by the plea" and "is also frivolous").[2]  "[R]estrictions on
4  the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. §
5  2241." Muth, 676 F.3d at 818 (quoting Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006)).[3]
6  Therefore, a prisoner may not collaterally attack a federal conviction by way of a petition for a
7  writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Tripati v. Henman, 843 F.2d 1160, 1162
8  (9th Cir. 1988).  Accordingly, this § 2241 petition should not be transferred to the Southern
9  District of Indiana.

10       Good cause appearing and for the reasons set forth above, IT IS HEREBY
11  ORDERED that petitioner is granted leave to proceed in forma pauperis (ECF 3); and
12       IT IS HEREBY RECOMMENDED that:
13       1. Petitioner's amended petition for a writ of habeas corpus (ECF 9) be
14  dismissed.
15  /////

---

[2]  The court may take judicial notice of court records.  See Fed. R. Evid. 201.

[3]  Section 2255(e) does contain a "savings clause" or "escape hatch" under which a prisoner may invoke the court's jurisdiction under § 2241 if he can show that the remedy provided by § 2255 is "inadequate or ineffective" to test his incarceration.  See Muth, 676 F.3d at 818; Alaimalo v. United States, 645 F.3d 1042, 1047 (9th Cir. 2011).  This exception, however, is a narrow one and the burden is on the petitioner to show that a § 2255 motion is inadequate or ineffective in his case.  Ivy, 328 F.3d at 1061; Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).  For example, "§ 2241 is not available under the inadequate-or-ineffective-remedy escape hatch of § 2255 merely because the court of appeals refuses to certify a second or successive motion under the gatekeeping provisions of § 2255." Lorentsen, 223 F.3d at 953.  See also Ivy, 328 F.3d at 1059; Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (remedies pursuant to § 2255 are not inadequate simply because the claim would be dismissed under § 2255 for procedural reasons), cert. denied, 528 U.S. 1178 (2000).  Rather, a petitioner may only proceed under § 2241 if he claims to be:  "(1) factually innocent of the crime for which he has been convicted; and (2) has never had an 'unobstructed procedural shot' at presenting this claim." Ivy, 328 F.3d at 1060.  See also Marrero, 682 F.3d at 1192 (same); Washington, 653 F.3d at 1059 (same).  Petitioner has made no such showing here and the savings clause is therefore unavailable to him.

2. The motion to relieve petitioner within 3 days from the final order of detention pursuant to Fed. R. Civ. P. 60(b)(3)(5) (ECF 10) be dismissed as moot.

3. All other requests and notices filed by petitioner be dismissed as moot.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 13, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

harr0269.2241